**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cr-00037-JAD-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MARC BRATTIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the United States' Motion for Protective Order (#34) filed on October 13, 2015, Defendant's Response in Opposition (#42) filed October 28, 2015, and the United States' Reply (#43) filed on November 2, 2015. The Court conducted a hearing on this matter on December 10, 2015. After considering the papers submitted by the parties, as well as oral argument by counsel, and good cause appearing,

**IT IS HEREBY ORDERED** that:

1. The Government has provided Defendant's counsel with discovery, hereinafter referred to as "Protected Documents," for the purpose of representing Defendant in this criminal case. The Protected Documents are not property of Defendant or his counsel for purposes of Nevada Rule of Professional Conduct 1.15(a).

2. Protected Documents which will be used by the Government in its case in chief include personal identifiers, including social security numbers, drivers license numbers, dates of birth, and addresses of alleged participants, witnesses and victims in this case.

. . .

. . .

3. Discovery in this case is voluminous. Many of the documents include personal identifiers. Redacting the personal identifiers of participants, witnesses, and victims would prevent the timely disclosure of discovery to Defendant.

4. The United States agrees to provide Protected Documents without redacting the personal identifiers of participants, witnesses, and victims.

5. Access to Protected Documents will be restricted to persons authorized by the Court, namely Defendant, attorney(s) of record and attorneys' paralegals, investigators, experts and secretaries employed by the attorney(s) of record and performing on behalf of Defendant.

6. The following restrictions will be placed on Defendant, Defendant's attorney(s) and the above-designated individuals unless and until further ordered by the Court. Defendants, Defendants' attorney(s) and the above-designated individuals shall not:

   a. make copies for, or allow copies of any kind to be made by any other person of the Protected Documents;

   b. allow any other person to read the Protected Documents; and

   c. use the Protected Documents for any other purpose other than preparing to defend against the charges in the Superseding Indictment or any further superseding indictment arising out of this case.

7. Defendant's attorney(s) shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

8. The requested restrictions shall not restrict the use or introduction as evidence of discovery documents containing personal identifying information such as social security numbers, drivers license numbers, dates of birth, and addresses during any hearings or trial of this matter. This in no way impacts the parties' obligations to comply with Federal Rule of Criminal Procedure 49.1.

9. Upon conclusion of this action, Defendant's attorney(s) shall return to Government counsel or destroy and certify to Government counsel the destruction of all discovery documents containing personal identifying information such as social security numbers, drivers license

. . .

numbers, dates of birth and addresses within a reasonable time, not to exceed thirty days after the last appeal is final.

DATED this 10th day of December, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge