# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARC BRATTIN,

    Defendant.

Case No. 2:15-cr-00037-JAD-GWF

**ORDER**

This matter is before the Court on Defendant's Motion for Attorney's Fees and Litigation Expenses Pursuant to the Hyde Amendment (ECF No. 62), filed on September 7, 2016. The Government filed its Response in Opposition (ECF No. 65) on September 26, 2016. Defendant filed his Reply in support of his Motion (ECF No. 66) on September 30, 2016. The Court conducted a hearing in this matter on October 7, 2016.

## BACKGROUND

Defendant Marc Brattin was previously charged in a May 1, 2013 indictment with two counts of bank fraud in violation of 18 U.S.C. § 1344 and two counts of wire fraud in violation of 18 U.S.C. § 1343. *United States v. Brattin*, Case No. 2:13-cr-00161-JAD-CWH, *Indictment* (ECF No. 1). The indictment alleged that from in or about 2009 to in or about March 2013, Defendant devised a scheme and artifice to defraud purchasers and banks. *Id.* at pg. 2, ¶ 4. On February 2, 2015, Defendant Brattin pled guilty to all four counts of the indictment without a plea agreement. *See Minutes of Proceedings* (ECF No. 54), Case No. 2:13-cr-00161-JAD-CWH. On May 6, 2015, Defendant was sentenced to serve a term of imprisonment and was ordered to pay restitution. *Judgment of Conviction* (ECF No. 71), Case No. 2:13-cr-00161-JAD-CWH. In this case, Defendant was also charged in a February 4, 2015 indictment with one count of wire fraud in violation of 18

U.S.C. § 1343 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5) (Count Two). *Indictment* (ECF No. 1). The charges arise out of the same fraudulent scheme charged in Case No. 2:13-cr-00161-JAD-CWH. *Id.* at pg. *2*, ¶ 4.

The parties engaged in failed plea negotiations that resulted in Defendant's guilty plea in Case No. 2:13-cr-00161-JAD-CWH and his subsequent indictment in this case. *See Defendant's Motion to Dismiss*, (ECF No. 27), Exhibits B-M, O-T. On November 6, 2014, Assistant United States Attorney Sarah Griswold sent an email to Defendant's counsel, Louis Palazzo, in which she noted that counsel had previously discussed a resolution of the charges in Case No. 2:13-cr-00161-JAD-CWH. In this email, Ms. Griswold informed Defendant's counsel that if the parties were unable to reach a plea agreement, then the Government was prepared to charge Defendant with an additional count of identity theft. *Defendant's Motion to Dismiss*, (ECF No. 27), Exhibit B. Defendant's counsel signed a waiver of the statute of limitations to allow the parties to continue to negotiate. *Id.* at Exhibit C.

On November 10, 2014, the Government offered to resolve the case if Defendant agreed to a Sentencing Guidelines level, in which the parties could either jointly recommend a low-end guideline sentence, or Defendant could argue Section 3553 (18 U.S.C. § 3553) factors, providing full restitution to victims, and admitting all forfeiture allegations. In exchange, the Government would not bring the aggravated identity theft charge. Because Defendant needed more time to review discovery before making a decision, the Government agreed to keep the offer open until December 19, 2014, provided that Defendant executed another waiver of the statute of limitations through February 10, 2015. *Government's Response*, (ECF No. 31), Exhibit 9.

On December 18, 2015, Ms. Griswold sent an email to Mr. Palazzo asking what his client's decision was regarding the plea offer. Mr. Palazzo responded that although his client planned to enter a plea, there was an issue regarding the restitution amount. *Id.* at Exhibit 13. Mr. Palazzo and Ms. Griswold thereupon engaged in an exchange of emails about resolving the restitution amount, and Mr. Palazzo requested that Ms. Griswold forward a proposed plea agreement. *Government's Response*, (ECF No. 31), Exhibits 15-17. On December 19, 2014, Ms. Griswold emailed a proposed plea agreement to Mr. Palazzo. *Id.* at 18, Section IX, pg. 11. On January 12, 2015 Ms.

2

Griswold advised Mr. Palazzo that the Government would consider the offer rejected if the signed plea agreement was not received that day. *Id.* at Exhibit 22. In response, Mr. Palazzo indicated that he was in possession of the signed plea agreement, but the parties still could not reach an agreement that included loss and restitution amounts.

On January 13, 14, and 15, 2015, Ms. Griswold and Mr. Palazzo engaged in further exchanges regarding the amount of loss and restitution. *Id.* at Exhibits 27-31. On January 30, 2015, Ms. Griswold set forth the Government's review of the loss and restitution issue and provided a new proposed plea agreement. *Id.* at Exhibit 41. The proposed plea agreement provided that the parties would jointly recommend a low-end Guidelines sentence, but did not allow Mr. Brattin to seek a below-Guidelines sentence. Mr. Palazzo responded that Defendant could not agree that he would not seek a below Guidelines sentence. *Id.* at Exhibit 42. Nonetheless, after communicating with Ms. Griswold, Mr. Palazzo stated that he would review the proposed plea agreement. *Id.* at Exhibit 46. On February 2, 2015, Ms. Griswold sent an email to Mr. Palazzo asking him to let her know what his client intended to do. *Id.* at Exhibit 47. On the same day, Mr. Palazzo stated via voice mail message that the proposed plea agreement was not consistent with their previous agreement because it prohibited Defendant from arguing the Section 3553 factors. *Id.* at Exhibits 48A, 48B.

On February 2, 2015, Defendant pled guilty without the benefit of a plea agreement in Case No. 2:13-cr-00161-JAD-CWH . ECF No. 54. *See also Transcript of Proceedings* (ECF No. 57). Approximately one hour after the hearing, Ms. Griswold sent an email to Mr. Palazzo stating that the statute of limitations on the aggravated identity theft count would run on February 10, 2015 and that without an agreement to toll the statute of limitations, the Government would go to the grand jury. Ms. Griswold attached a tolling agreement and the parties discussed the proposed tolling agreement and the parties' respective positions.

On February 3, 2015, Ms. Griswold emailed a proposed post-plea agreement to Mr. Palazzo. *Defendant's Exhibit Q.* The proposed post-plea agreement provided for Defendant to waive the statute of limitations for aggravated identity theft and wire fraud and to waive his appeal and post-conviction proceedings with respect to the charges he pled guilty to on February 2, 2015. *Defendant's Exhibit R.* On February 4, 2015, the government went to the grand jury and the grand

3

jury returned an indictment charging him with wire fraud and aggravated identity theft. On February 4, 2015 at 5:06 P.M., Mr. Palazzo sent an email to Ms. Griswold regarding the proposed post-plea agreement with suggested clarifying language. That same day, Ms. Griswold responded that the issues were moot because the Government went to the grand jury and the grand jury returned the indictment. *Defendant's Exhibit T*. No further negotiations occurred between the parties after Ms. Griswold's February 4th email.

During Defendant Brattin's sentencing hearing in Case No. 2:13-cr-161-JAD-CWH on May 6, 2015, the Court determined the Sentencing Guidelines level. *Transcript of Proceedings (#77), pg. 37:14-17*. On May 13, 2015, Defendant's appellate counsel filed a notice of appeal in Case No. 2:13-cr-00161-JAD-CWH. *Notice of Appeal (#73)*. The appeal was fully briefed in or about November of 2015 and the Ninth Circuit Court of Appeals granted Defendant's motion to expedite the appeal. *Order* (ECF No. 102). During the December 10, 2015 hearing in this case, Mr. Palazzo stated that if charges in this indictment are dismissed, Defendant Brattin would dismiss his appeal in Case No. 2:13-cr-00161-JAD-CWH. *See* ECF No. 50, pg. 12. On September 17, 2015, Defendant filed his Motion to Dismiss for Vindictive Prosecution, Prosecutorial Misconduct, and Double Jeopardy Violation (ECF No. 27) in this case. On January 27, 2016, the Court issued Findings and Recommendations that Defendant's Motion to Dismiss be denied.

The Court's Findings and Recommendations stated as follows:

> Based on the foregoing, the undersigned magistrate judge is very tempted to recommend dismissal of the indictment if the Government is unwilling to voluntarily dismiss it subject to Defendant dismissing his appeal in Case No. 2:13-cr-00161-JAD-CWH. The Due Process Clause of the Fifth Amendment does not, however, give the court the general discretion to dismiss an indictment on grounds of reasonableness and fairness. Rather involuntary dismissal is justified only if the court can properly find that the additional charges filed against Defendant (1) are the result of vindictiveness by the prosecutor, (2) are outrageous and shock the judicial conscience, or (3) fall within the court's supervisory powers to dismiss an indictment in order to preserve the integrity of the judicial process.
>
> The Court cannot find that Ms. Griswold or the United States Attorney's Office sought to punish Defendant Brattin for exercising a constitutional or statutory right. The Court finds on this record, that the additional charges were filed because the (1) parties did not reach a plea agreement prior to Defendant entering his guilty plea on February 2, 2015 and (2) because Defendant did not agree to the post-plea agreement within the Government's deadline, although that deadline was not adequately communicated to Defendant's counsel. This record also does not support a finding of outrageous government in violation of the Due Process Clause under the

high standard required for such a finding. Nor does dismissal appear justified under the Court's supervisory power which requires a finding that the Government violated Defendant's constitutional or statutory rights. Defendant has not identified any constitutional or statutory right that was violated by the Government.

*Findings and Recommendation*, (ECF No. 50), pg. 24.

On February 18, 2016, the Ninth Circuit Court of Appeals granted Defendant's unopposed motion to voluntarily dismiss his appeal in Case No.2:13-cr-00161-JAD-CWH. On February 18, 2016, the government moved to dismiss the criminal indictment pursuant to Federal Rule of Criminal Procedure 48(A) in this case. ECF No. 58. On February 19, 2016, the Court granted the government's motion and instructed the clerk to close the case. *See* ECF No. 59. On September 7, 2016, Defendant filed the instant motion for attorney's fees and litigation expenses.

## DISCUSSION

The Hyde Amendment authorizes the award of attorney's fees in a privately defended criminal case to a "prevailing party" where the Court finds "that the position of the United States was vexatious, frivolous, or in bad faith." Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (codified at 18 U.S.C. § 3006A, Note (2006). Although modeled after the Equal Access to Justice Act ("EAJA"), the Hyde Amendment has a more demanding burden of proof. *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1182 (9th Cir.), opinion amended on denial of reh'g, 326 F.3d 1028 (9th Cir. 2003). Under the Hyde Amendment, the burden is on the Defendant in the underlying case to prove that the Government's position was either vexatious, frivolous, or in bad faith. *Id.* A defendant need only prove one of the three elements to recover. *Id.* Because the statute specifically incorporates the filing requirements of the EAJA, an award of attorney's fees is granted pursuant to the procedures and limitations provided for under the EAJA. *Id.*

1. **Whether Defendant's Motion for Attorney's Fees and Litigation Expenses is time-barred.**

The EAJA requires that a party seeking attorney's fees submit an application for fees within 30 days of final judgment in the action. 28 U.S.C. § 2412(d)(2)(B). The statute defines "final judgment" as a judgment that is final and not appealable, and includes an order of settlement. 28 U.S.C. § 2412(d)(2)(G). A judgment becomes final when the time to appeal expires. *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S. Ct. 2157, 2162, 115 L. Ed. 2d 78 (1991). In a criminal case, a

defendant must file his notice of appeal within 14 days and the government must file its notice of appeal within 30 days of the entry of either the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(B)(i).

On February 18, 2016, the Government moved to dismiss the criminal indictment pursuant to Federal Rule of Criminal Procedure 48(A) and, on February 19, 2016, the Court granted the Government's motion and instructed the clerk to close the case. *See* ECF No. 59. The Government argues that Defendant's motion for attorney's fees is untimely because Defendant did not file his motion until September 7, 2016, more than 30 days after final judgment. *See Government's Opposition*, (ECF No. 65), pg. 9. Defendant argues that the Court did not enter a separate final judgment to trigger the running of the 30 day clock as the "last entry was a voluntary dismissal by the Government." *See Defendant's Reply*, (ECF No. 66), pg. 2. The Court disagrees. The Court's order granting the Government's motion to dismiss the criminal indictment became final when the time for the Government to appeal expired on March 21, 2016. Defendant did not file his motion for attorney's fees until September 7, 2016. Because Defendant failed to submit his motion for attorney's fees within 30 days of March 21, 2016, the day the Court's order became final, his motion is time-barred.

    **2.**     **Whether Defendant is considered a prevailing party under the Hyde Amendment for the purposes of an award of attorney's fees.**

Whether a party is "prevailing" is a threshold question for purposes of the Hyde Amendment. *United States v. Sriram*, 482 F.3d 956, 959 (7th Cir. 2007). The Ninth Circuit has interpreted "prevailing party" to mean "one who has gained by judgment or consent decree a material alteration of the legal relationship of the parties." *United States v. Chapman*, 524 F.3d 1073, 1089 (9th Cir. 2008); *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002) (defining the term under the Equal Access to Justice Act) (internal quotation marks omitted); *United States v. Campbell*, 291 F.3d 1169, 1172 (9th Cir. 2002) (extending the *Perez–Arrellano* definition to the Hyde Amendment). The prevailing party must also have "receive[d] at least some relief on the merits of his claim." *United States v. Campbell*, 291 F.3d 1169, 1172 (9th Cir. 2002).

In *United States v. Campbell*, the defendant's charges were dismissed through his

participation in a pre-trial diversion program. *Id.* at 1171. The Ninth Circuit held that the relief was not based upon the merits of his claim and, therefore, the defendant was not a prevailing party under the Hyde Amendment. *Id.* As such, the Ninth Circuit upheld the denial of the defendant's motion for attorney's fees pursuant to the Hyde Amendment. *Id.* In *United States v. Chapman*, the district court dismissed the indictment as a sanction against the government for its failure to disclose documents and for the prosecutor's misrepresentations to the court. *United States v. Chapman*, 524 F.3d 1073, 1089 (9th Cir. 2008). The Ninth Circuit agreed with the district court that the defendants were not prevailing parties because the dismissal of the indictment was not based upon the merits of the case. *Id.* at 1090. On that basis and without review of the district court's finding that the case was not vexatious, frivolous, or in bad faith, the Ninth Circuit affirmed the denial of fees and costs. *Id.*

In *Buckhannon Board & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, the Supreme Court recognized that in addition to judgment on the merits, a settlement agreement enforced by a consent decree may serve as a basis for an award of attorney's fees. The Supreme Court reasoned that even though a consent decree does not always contain an admission of liability, it is a court-ordered change in the legal relationship between the parties. *Buckhannon Board & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Therefore, to be a prevailing party, a litigant must obtain relief on the merits in the form of a "court-ordered" change or "judicial imprimatur" that alters the parties' legal relationship. *Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929, 944 (C.D. Cal. 2010).

To have judicial imprimatur means that a district court must place "its stamp of approval on the relief obtained." *Wagner v. Chertoff*, 607 F. Supp. 2d 1192, 1198 (D. Nev. 2009). When a district court incorporates the terms of a voluntary agreement into an order, for example, the order is stamped with sufficient judicial imprimatur for the litigant to qualify as a prevailing party. *Id.* There is insufficient judicial imprimatur, however, if the court's order does not incorporate the parties' agreement and a judge's mere awareness and approval of the terms does not suffice to make them part of his order. *Id.* Similarly, it is insufficient for the plaintiff's suit merely to bring about a "voluntary change in the defendant's conduct." *Id. See Buckhannon*, 532 U.S. at 601. A party is not

prevailing simply because his suit is the catalyst for the change in the legal relationship. *Id.* at 605.

Here, Defendant argues that he is a prevailing party, regardless of whether the Court's relief was based upon the merits of the case, because he achieved his desired relief. *See Defendant's Reply*, (ECF No. 66), pg 5. The Government argues that the Defendant is not a prevailing party because he did not receive relief on the merits. Instead, the Government voluntarily moved to dismiss the indictment in this case after Defendant dismissed his appeal in the first case. *See Government's Opposition*, (ECF No. 65), pg. 10-11. The Court agrees that the grant of the Government's motion to dismiss the indictment did not constitute relief on the merits of the case. In its motion to dismiss the indictment, the Government stated that it was requesting dismissal of the indictment, "[i]n light of recent recommendation to deny defendant's Motion to Dismiss (Doc #50), together with the withdrawal of his pending Ninth Circuit appeal in case number 15-10252..." *See* ECF No. 58. Neither the Government's motion to dismiss the indictment nor the Court's order granting the motion suggest that the relief was based upon the merits of the case.

### 3. Whether Defendant fulfilled his burden of establishing that the Government's position was vexatious, frivolous, or in bad faith.

A successful criminal defendant is required to establish that the government's position was "vexatious, frivolous, or in bad faith." Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (codified at 18 U.S.C. § 3006A, Note (2006). Although the Hyde Amendment does not define "vexatious, frivolous, or in bad faith," the Ninth Circuit has developed definitions for each of these terms. *Manchester Farming P'ship*, 315 F.3d at 1182. "Vexatious" refers to 1) a subjective malice or intent to harass on the part of the government and 2) an objectively deficient or meritless case. *Id.* A case is frivolous when "the government's position was foreclosed by binding precedent or so obviously wrong as to be frivolous." *Id.* Finally, "bad faith" is defined as "not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Id.* at 1185.

Defendant did not argue that the Government's position was frivolous and Defendant failed to show that the Government's position was vexatious or in bad faith. Specifically, Defendant failed to establish the elements of vexatiousness. As stated in the undersigned Magistrate Judge's

Report and Recommendation (ECF No. 50), the Court found that the charge was brought because the (1) parties did not reach a plea agreement prior to Defendant entering his guilty plea on February 2, 2015 and (2) because Defendant did not agree to the post-plea agreement within the Government's deadline, although that deadline was not adequately communicated to Defendant's counsel. It was also found that the Government did not engage in vindictive prosecution or prosecutorial misconduct. *See Report and Recommendation*, (ECF No. 50), pg. 22. The Government did not act with malice or intent to harass by charging Defendant with aggravated identity theft and there is nothing in the record to indicate that it was an objectively deficient or meritless charge.

Defendant argues that the Government's position was in bad faith because the Government should have known that its position was no longer tenable when Defendant filed his appeal and requested dismissal of the indictment. *See Defendant's Reply*, (ECF No. 55), pg. 7. Despite protracted plea negotiations, the parties did not reach an agreement and Defendant elected to plead guilty without a plea agreement. Although the deadline to agree to the proposed post-plea agreement was not clearly communicated to Defendant's counsel, the Government's position was not the conscious doing of a wrong because of dishonest purpose or moral obliquity. The Government's conduct did not rise to the level of being frivolous, vexatious or in bad faith under the Hyde Amendment. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Attorney's Fees and Litigation Expenses Pursuant to the Hyde Amendment (ECF No. 62) is **denied**. To the extent that this is a dispositive determination, the undersigned requests that this order be construed as a Report and Recommendation.

DATED this 30th day of November, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge