UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Marc Brattin,

    Defendant

2:15-cr-00037-JAD-GWF

**Order Adopting Report and Recommendation and Denying Motion for Attorney's Fees**

[ECF No. 62, 68]

    Marc Brattin moves for attorney's fees and litigation expenses under the Hyde Amendment after the government voluntarily dismissed the two-count indictment against him in this case. Magistrate Judge Foley recommends that I deny Brattin's motion because it is both untimely and fails on the merits. Brattin objects. I review the magistrate judge's findings and conclusions de novo, affirm and adopt them, overrule Brattin's objections, and deny Brattin's motion for attorney's fees and litigation expenses.

**Background**

    The magistrate judge's order provides a thorough overview of the background of this case, and I do not repeat it here. Essentially, Brattin was indicted in two criminal cases in this district, each arising out of the same fraudulent scheme. The first case was filed in 2013; this case followed in 2015. After plea negotiations failed in the 2013 case, Brattin pleaded guilty to the charges without the benefit of a plea agreement. The parties then engaged in post-plea negotiations to resolve the potential charges in this case, which had not yet been brought before the grand jury. The record reveals that Brattin failed to agree to the post-plea agreement by the government's deadline because that deadline was inadequately communicated to defense counsel by the United States Attorney. As a result, the government went to the grand jury, which then returned the indictment in this second case.

Brattin moved to dismiss the second indictment for vindictive prosecution, prosecutorial misconduct, and double-jeopardy violations.[1] Magistrate Judge Foley issued a report recommending that the motion be denied but expressing displeasure with the government's conduct. The magistrate judge noted that he was "very tempted to recommend dismissal of the indictment" but concluded that the extremely high standards for involuntary dismissal were not met on these facts.[2] In its response to the magistrate judge's recommendation to deny the suppression motion, the government indicated that it would dismiss the indictment if Brattin withdrew his then-pending appeal in the 2013 case. Brattin withdrew his appeal, and the government moved to dismiss the indictment in this case under Federal Rule of Criminal Procedure 48(2).

On February 19, 2016, I granted the government's motion to dismiss, denied as moot all other pending motions in this case, and instructed the Clerk to close this case.[3] Brattin filed this motion for attorney's fees and litigation expenses under the Hyde Amendment seven months later. Magistrate Judge Foley recommends that I deny Brattin's motion because it is untimely and because it fails on the merits: Brattin is not a prevailing party under the Hyde Amendment and has not shown that the government's position was vexatious, frivolous, or in bad faith.

**Discussion**

**A.  Standards of Review**

A district court reviews objections to a magistrate judge's proposed findings and recommendations *de novo*.[4] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[5] The standard of review applied to the unobjected-to portions of the report and recommendation is left to

---

[1] ECF No. 27.

[2] ECF No. 50 at 24.

[3] ECF No. 59.

[4] *Id.*

[5] *Id.*

the district judge's discretion.[6]  Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[7]

**B.    Attorney's fees under the Hydge Amendment**

The "prevailing party" in a privately defended criminal cases may recover attorney's fees under the Hyde Amendment if he can show "that the position of the United States was vexatious, frivolous, or in bad faith."[8]  The movant must submit an application for fees within 30 days of final judgment in the action.[9]  A judgment becomes final when the time to appeal expires.[10]

   *1.    The magistrate judge correctly determined that Brattin's request for fees is time-barred.*

Brattin argues that the magistrate judge erred in concluding that his motion is time-barred.[11] Brattin argues that, because the charges against him were dismissed and there was no judgment of conviction, there was no "final judgment" in this case and the 30-day clock never started to run.  He cites to no controlling authority that supports this proposition in the context of the Hyde Amendment.[12]

On February 19, 2016, I granted the government's motion for voluntary dismissal, denied all other pending motions as moot, and instructed the Clerk to close this case.[13]  I agree with the

---

[6] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.") (emphasis in original).

[7] *See* Nevada L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

[8] Pub. L. No. 105–119, § 617, 111 Stat. 2440, 2519 (1997).

[9] 28 U.S.C. § 2412(d)(2)(B).

[10] *Melkonyan v. Sullivan*, 501 U.S. 89, (1991).

[11] ECF No. 69 at 8.

[12] *Id.*

[13] ECF No. 59.

magistrate judge that that order was the final judgment in this case. The 30-day clock to request attorney's fees thus began to run when the time for appealing that order expired on March 19, 2016.[14] Brattin did not file his motion for fees until nearly six months later. Accordingly, the magistrate judge properly recommended denying Brattin's motion as time-barred.

### 2. *The magistrate judge correctly determined that Brattin has failed to show that the government's position was vexatious or in bad faith.*

Brattin argues that the magistrate judge erred in finding that the government's conduct was not vexatious or in bad faith. He argues that even if the government's position was not vexatious or in bad faith when it filed the second indictment, it became so once the government became aware of the relief requested by Brattin in his appeal in the first case—dismissal of the indictment in the second case—in November 2015 and nonetheless continued to prosecute this case until February 2016.[15]

As the magistrate judge observed, the Hyde Amendment does not define "vexatious, frivolous, or in bad faith," but the Ninth Circuit has developed definitions for these terms.[16] The government acts vexatiously if it acts "maliciously or with an intent to harass" the defendant and the suit is objectively "deficient or without merit."[17] Bad faith "is not simply bad judgment or negligence;" it requires "the conscious doing of a wrong because of a dishonest purpose or moral obliquity" and "contemplates a state of mind affirmatively operating with furtive design or ill will."[18]

---

[14] Defendants must file a notice of appeal within 14 days of the judgment or order being appealed and the government has 30 days. FED R. APP. P. 4(b)(1)(B)(i).

[15] ECF No. 69 at 14. He also argues that the prosecution became vexatious or in bad faith when Brattin's counsel complained about the government's conduct in this case at sentencing in the first case in May 2015.

[16] ECF No. 68 at 8.

[17] *United States v. Manchester Farming Partnership*, 315 F.3d 1176, 1182 (9th Cir. 2003) (internal citations omitted).

[18] *Id.* at 1185 (internal citations and quotation marks omitted) (adopting the Eleventh Circuit's definition of "bad faith" under the Hyde Amendment).

I agree with the magistrate judge that Brattin has not shown that the government acted vexatiously or in bad faith.[19] Brattin has not shown that the government's position in this case was at any time objectively "deficient or without merit," as is required for a finding of vexatiousness.[20] Though the government certainly became aware of Brattin's position that this case was deficient, the government prevailed on Brattin's motion to dismiss the indictment based on vindictive prosecution, prosecutorial misconduct, and double-jeopardy violations, in which he raised similar arguments.[21] Stripped of these legal arguments, Brattin does not argue that the underlying charges were factually unsupported or without merit. That Brattin opposed the charges at his sentencing and on appeal in his first case does not make them objectively "deficient or without merit." Accordingly, Brattin has not shown that the government's position was or became vexatious.

Brattin has also not established that the government acted in bad faith, which requires "the conscious doing of a wrong" for a "dishonest purpose or moral obliquity."[22] As the magistrate judge noted in his recommendation to deny Brattin's motion to suppress, the charges in this case "were filed as the result of ongoing, but unsuccessful, plea negotiations"[23] and were not the result of vindictive prosecution or prosecutorial misconduct.[24] Though the government may have acted negligently by inadequately communicating the deadline to accept the plea negotiations to prevent the filing of the charges in this case and may have also exercised bad judgment by filing the charges anyway, negligence and bad judgment are simply not enough to support a finding of bad faith.[25]

---

[19] Brattin does not argue in his motion for fees or his objections that the government's position was frivolous.

[20] *Manchester Farming Partnership*, 315 F.3d at 1182 (internal citations omitted).

[21] ECF No. 50.

[22] *Id.* at 1185.

[23] ECF No. 50 at 17.

[24] *Id.* at 22.

[25] *Manchester Farming Partnership*, 315 F.3d at 1185.

Because I find that Brattin's motion is time-barred and fails on the merits because he has not shown that the government's position was vexatious or in bad faith, I decline to address his remaining argument that the magistrate judge improperly concluded that he was not a "prevailing party" under the Hyde Amendment.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Brattin's objections **[ECF No. 69] are OVERRULED**, the magistrate judge's report and recommendation **[ECF No. 68] is ADOPTED**, and Brattin's motion for attorney's fees and litigation expenses **[ECF No. 62] is DENIED.**

Dated this 6th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge